## In re BRENTON'S COVE DEVELOPMENT COMPANY, Debtor.

### Bankruptcy No. 8400470.

United States Bankruptcy Court, D. Rhode Island.

June 18, 1986.

Edward J. Bertozzi, Jr. and John D. Deacon, Edwards & Angell, Providence, R.I., for Bank of New York.

Allen P. Rubine and Moss Patashnik, Winograd, Shine & Zacks, P.C., Providence, R.I., for Russell L. Hoyt.

## CONDITIONAL ORDER GRANTING RELIEF FROM STAY

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on April 17, 1986, on Russell Hoyt's objection to the motion of the Bank of New York (the Bank) for relief from the automatic stay. The Bank seeks an order authorizing turnover of approximately $1,150,000 being held in escrow as proceeds of the Bank's collateral, which was sold pursuant to Court order, after it became apparent that there was no reasonable likelihood of rehabilitation.

We are not persuaded by Hoyt's argument, and conclude that on the facts before us, considering the ability of the Bank of New York to respond to any judgment that may be rendered against it on Hoyt's counterclaim in related litigation pending in District Court, to continue to enforce the stay would be an abuse of discretion, and would serve only to give unfair leverage to Hoyt.

The debtor has no equity in the escrow fund. Because the fund is not necessary for an effective reorganization,[1] *see* 11

---

1. Hoyt concedes that there is no prospect of reorganization.

U.S.C. § 362(d)(2),[2] and for the other reasons given in the Bank's memorandum, relief from the stay is granted, as requested.

*Provided,* release of the $1,150,000[3] is conditioned upon the Bank furnishing a letter of credit containing terms deemed reasonable by the Court. The adequacy and/or approval of the letter of credit will be determined after Hoyt has been afforded the opportunity to review same and to state any objections thereto.

2. **§ 362. Automatic stay**

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

3. The Bank reserves the right to be heard at a later date on the issue of its entitlement to an additional $39,000 held in escrow, attributable to the sale of the Farrell unit.